UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT COLUCCIO,<br><br>         Plaintiff,<br><br>  - against -<br><br>ENTERASYS NETWORKS, INC.,<br><br>         Defendant. | Civil Action No. 07 CV 3722<br>(KMK) |

## DEFENDANT'S ANSWER AND DEFENSES

Defendant, Enterasys Networks, Inc. ("Defendant" or "Enterasys") answers the Complaint as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ROBERT COLUCCIO

1. Defendant denies the allegations set forth in paragraph 1 of the Complaint.

2. Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3. Defendant admits the allegations set forth in paragraph 3 of the Complaint.

4. Defendant denies the allegations set forth in paragraph 4 of the Complaint.

5. Defendant admits that, in June 2004, Enterasys agreed to employ Plaintiff pursuant to the terms of the offer letter annexed to the Complaint and further states that such offer letter speaks for itself. Defendant denies the remaining allegations set forth in paragraph 5 of the Complaint.

6. Defendant admits that, in June 2004, Enterasys agreed to employ Plaintiff pursuant to the terms of the offer letter annexed to the Complaint and further states that such offer letter speaks for itself. Defendant denies the remaining allegations set forth in paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff began his employment with Enterasys on or about July 6, 2004 but denies the remaining allegations set forth in paragraph 7 of the Complaint.

8. Defendant admits that a copy of a portion of Enterasys' Executive Severance Pay Plan which was in effect during Plaintiff's employment is annexed to the Complaint but denies the remaining allegations set forth in paragraph 8 of the Complaint.

9. Defendant admits that, on or about January 24, 2006, Plaintiff's employment with Enterasys terminated but denies the remaining allegations set forth in paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff's attorney sent a letter dated February 8, 2006 to Enterasys demanding payment of six months' severance pay pursuant to the Company's Executive Severance Pay Plan. Defendant denies the remaining allegations set forth in paragraph 11 of the Complaint.

12. Defendant admits that it has not paid Plaintiff any benefits under the Executive Severance Pay Plan but denies the remaining allegations set forth in paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF ROBERT COLUCCIO

14. Defendant repeats and realleges its answers to paragraphs 1 through 13 of the Complaint.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred due to his failure to perform conditions precedent.

## **THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, for failure to satisfy statutory and/or administrative prerequisites.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by ERISA preemption.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's employment with Defendant was terminable at will, which bars, in whole or in part, the relief sought by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Any action or non-action by Defendant with respect to Plaintiff was for good cause.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because all alleged actions by Defendant with respect to Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory business reasons, and no unlawful factor motivated Defendant in any of the decisions regarding Plaintiff's employment.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has waived, in whole or in part, his right to maintain the claims set forth in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged as alleged, which Defendant denies, then said damage resulted from Plaintiff's own acts and/or omissions.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff received all the compensation to which he was entitled pursuant to his employment.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because no contractual relationship existed between Plaintiff and Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Defendant had any duty or obligations to Plaintiff, Defendant has performed and satisfied such duty and obligations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel and unclean hands.

WHEREFORE, Enterasys prays that Plaintiff's Complaint be dismissed in its entirety with prejudice, at Plaintiff's costs, with an award to Defendant of its attorneys' fees incurred in the defense of this matter, and for such other and further relief as this Court deems just and proper.

Dated:   New York, NY
         May 25, 2007

ENTERASYS NETWORKS, INC.

By its Attorneys,

/s/ Mark L. Weyman

Mark L. Weyman (MW 6043)
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000

---

Jonathan R. Sigel, Esq., BBO# 559850
*Motion for admission pro hac vice to be filed*
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
Telephone: (508) 926-3434