UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT COLUCCIO,<br>            **Plaintiff,**<br><br>    - against -<br><br>**ENTERASYS NETWORKS, INC.,**<br>            **Defendant.** | Civil Action No. 07 CV 3722 |

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant Enterasys Networks, Inc. ("Enterasys" or "the Company") respectfully moves the Court to award judgment on the pleadings or, in the alternative, summary judgment, on Count II of Plaintiff's Complaint. As grounds for this Motion, Enterasys states as follows:

1.     This case arises out of a dispute between Plaintiff Robert Coluccio ("Coluccio"), a former employee of Enterasys, based on the Company's denial of Coluccio's claim for $80,000 in severance benefits under the Company's Executive Severance Pay Plan (the "Plan"). Coluccio filed this action in the Supreme Court of the State of New York, alleging breach of contract (Count I), and that the termination of his employment and denial of severance benefits by Enterasys was "unjustified, wrongful, retaliatory and discriminatory" and a breach of the implied covenant of good faith and fair dealing (Count II).

2.     On May 10, 2007, Enterasys filed a Notice of Removal of this action to this Court based on federal question jurisdiction because Coluccio's claims are pre-empted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA").

3.     Plaintiff alleges that he began his employment with Enterasys in the position of Regional Director of Sales at Enterasys' New York, New York office on or about July 6, 2004. (Complaint, ¶¶ 6 and 7.) Plaintiff further alleges that, as Regional Director of Sales for Enterasys, he was provided with, and was entitled to, benefits provided in accordance with the Company's Plan. (Complaint, ¶ 8, and Plan, at Exhibit 2.) In addition, Plaintiff claims that the Company terminated Plaintiff's employment with Enterasys without cause on or about January 24, 2006. (Complaint, ¶¶ 9-10.)

4.     Count II of Plaintiff's Complaint appears to be premised on at least three legal theories. First, Plaintiff complains that Enterasys' termination of his employment was both "unjustified, [and] wrongful," and "retaliatory and discriminatory." (Complaint, ¶ 17.) Plaintiff also claims in Count II that the Company breached "its obligation to treat [him] fairly and in good faith" by terminating his employment and failing to provide severance benefits under the Plan. (Complaint, ¶ 18.) However, none of Plaintiff's allegations in Count II are sufficient to sustain a claim for relief under New York law. As such, Count II of Plaintiff's Complaint must be dismissed as a matter of law.

5.     In the alternative, Count II of Plaintiff's Complaint must be dismissed because it is pre-empted by ERISA.

6.     In support of this Motion, Enterasys relies upon the accompanying Memorandum of Law in Support of its Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment on Count II of Plaintiff's Complaint.

WHEREFORE, Defendant respectfully requests that the Court grant its Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment on Count II of Plaintiff's Complaint.

Respectfully submitted,

ENTERASYS NETWORKS, INC.

By its Attorney,

Johathan R. Sigel, Esq., BBO# 559850
(Admitted Pro Hac Vice)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
Telephone: (508) 926-3434

Dated:  August 1, 2007

CERTIFICATE OF SERVICE

I, Jonathan R. Sigel, hereby certify that I have served a copy of the foregoing by electronic mail and by mailing same, postage prepaid, this 1st day of August, 2007 to the following:

Paul Andrew Marber, Esq.
The Cochran Firm
233 Broadway, 5th Floor
New York, NY  10279

Jonathan R. Sigel