UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ROBERT COLUCCIO,**<br><br>         **Plaintiff,**<br><br>   - against -<br><br>**ENTERASYS NETWORKS, INC.,**<br>         **Defendant.** | **Civil Action No. 07 CV 3722** |

## <u>DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

Defendant Enterasys Networks, Inc. ("Enterasys" or "the Company") submits the following Memorandum of Law in Support of its Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment on Count II of Plaintiff's Complaint.

### INTRODUCTION

This case arises out of a dispute between Plaintiff Robert Coluccio ("Coluccio"), a former employee of Enterasys, based on the Company's denial of Coluccio's claim for $80,000 in severance benefits under the Company's Executive Severance Pay Plan (the "Plan"). Coluccio filed this action in the Supreme Court of the State of New York, alleging breach of contract (Count I), and that the termination of his employment and denial of severance benefits by Enterasys was "unjustified, wrongful, retaliatory and discriminatory" and a breach of the implied covenant of good faith and fair dealing (Count II).  On May 10, 2007, Enterasys filed a Notice of Removal of this action to this Court based on federal question jurisdiction because Coluccio's claims are pre-empted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

## SUMMARY OF PERTINENT FACTS[1]

### Plaintiff's Employment With Enterasys

Plaintiff alleges that he began his employment with Enterasys in the position of Regional Director of Sales at Enterasys' New York, New York office on or about July 6, 2004. (Complaint, ¶¶ 6 and 7.)  Plaintiff further alleges that, as Regional Director of Sales for Enterasys, he was provided with, and was entitled to, benefits provided in accordance with the Company's Plan.  (Complaint, ¶ 8, and Plan, at Exhibit 2.)  In addition, Plaintiff claims that the Company terminated Plaintiff's employment with Enterasys without cause on or about January 24, 2006.  (Complaint, ¶¶ 9-10.)

Additional allegations of the Complaint will be discussed, infra.

### ARGUMENT

I.    LEGAL STANDARD

Pursuant to Fed.R.Civ.P. 12(c), a party may file a Motion for Judgment on the Pleadings, as follows:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(c).

---

[1]    The facts set forth herein are based on the relevant pleadings (and exhibits thereto) filed by the parties in this matter.

II.    COUNT II OF PLAINTIFF'S COMPLAINT IS PROPERLY DISMISSED AS A
       MATTER OF LAW FOR FAILURE TO STATE A CLAIM UNDER NEW YORK
       LAW.

Count II of Plaintiff's Complaint appears to be premised on at least three legal theories.

First, Plaintiff complains that Enterasys' termination of his employment was both "unjustified,

[and] wrongful," and "retaliatory and discriminatory." (Complaint, ¶ 17.) Plaintiff also claims

in Count II that the Company breached "its obligation to treat [him] fairly and in good faith"

by terminating his employment and failing to provide severance benefits under the Plan.

(Complaint, ¶ 18.) However, none of Plaintiff's allegations in Count II are sufficient to sustain

a claim for relief under New York law. As such, Count II of Plaintiff's Complaint must be

dismissed as a matter of law.

A.    **Plaintiff Fails To State A Claim For Wrongful Discharge Because New York
      Courts Do Not Recognize A "Wrongful" Or "Abusive" Discharge Exception
      To The At-Will Employment Doctrine.**

Under New York law, an employment relationship is presumed to be "hiring at will,

terminable at any time by either party" in the absence of an agreement establishing a fixed

duration. Sabetay v. Sterling Drug, Inc., 69 N.Y.2d 329, 333 (1987). New York courts have

adopted "only" two exceptions to the employment-at-will rule, neither of which is applicable to

this case. See Horn v. New York Times, 100 N.Y.2d 85, 96-97 (N.Y. 2003).[2]

For this reason, New York courts have consistently declined to adopt a common law

tort of "wrongful" or "abusive" discharge which, in other jurisdictions, has been applied to

___

[2]    In Horn, the New York Court of Appeals affirmed its long-standing "disinclination to
alter the traditional rule of at-will employment" and declined to expand the two existing public policy
exceptions to at-will employment doctrine – i.e., (1) an employee's reliance on employer's express
unilateral promise, and (2) a mutual undertaking to practice law in accordance with ethical rule.
Specifically, the Court declined those exceptions to a physician discharged by the New York Times
after the physician refused to disclose certain confidential medical information of the newspaper's
employees to its Labor Relations, Legal and Human Resources Departments. Horn, 100 N.Y.2d at 89-
94, 96.

impose liability on employers to address abusive discharges. See id., at 96; Murphy v.

American Home Products, 58 N.Y.2d 293, 301-303 (N.Y. 1983). Thus, an at-will employee in

New York has "*no viable claim for a wrongful discharge* or breach of contract action against

an employer and a prima facie tort claim cannot be utilized to circumvent the unavailability of

those claims." Lerwick v. Kelsey, 24 A.D.3d 931, 932 (N.Y. App. Div. 2005) (emphasis

added.)

 In the instant case, Plaintiff alleges, among other things, that the Company's

termination of his employment was "unjustified [and] wrongful . . . ." (Complaint, ¶ 15.) To

the extent that Plaintiff seeks, by this allegation, to assert a claim for wrongful discharge under

New York law, Plaintiff is barred from doing so because, as explained above, New York courts

have repeatedly declined to recognize this common law tort as an independent cause of action.

See Horn, 100 N.Y.2d at 96; Murphy, 58 N.Y.2d at 301-303; Lerwick, 24 A.D.3d at 932. As

such, judgment in Enterasys' favor on Count II is proper as a matter of law. See Fed.R.Civ.P.

12(c).

## B. Plaintiff's Implied Covenant Of Good Faith And Fair Dealing Claim Is Equally Misplaced.

 Plaintiff also asserts that the Company's termination of his employment and denial of

severance benefits is a breach of the implied covenant of good faith and fair dealing.

(Complaint, ¶¶ 16, 18.) However, this claim fails for the same reasons as those described

supra, § II(A), at pp. 4-5 - namely, New York courts have also refused to adopt the principle

that a covenant of good faith and fair dealing is implied in employment contracts. See Horn,

100 N.Y.2d at 93, citing Murphy, 58 N.Y.2d at 304-05. Specifically, in Murphy, the New

York Court of Appeals soundly rejected the plaintiff's contention that his employer breached

the covenant of good faith and fair dealing in discharging him for reporting accounting

4

improprieties, stating, "under New York law as it now stands, absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, *an employer's right at any time to terminate an employment at will remains unimpaired*." Murphy, 58 N.Y.2d at 304-305 (emphasis added).

Here, to the extent that Plaintiff seeks in Count II to assert a claim that Enterasys breached an implied covenant of good faith and fair dealing in terminating his employment and/or denying him severance benefits under the Plan (Complaint, ¶¶ 16, 18), this claim is simply not cognizable under New York law. For this reason, Count II of Plaintiff's Complaint must be dismissed in accordance with Fed.R.Civ.P. 12(c).

C.      **Plaintiff Likewise Fails To Assert Sufficient Facts To Sustain A Claim For Retaliation Or Discrimination**.

Plaintiff also appears to allege that his termination by the Company was both retaliatory and discriminatory. (Complaint, ¶¶ 15, 17.) Although New York law prohibits discrimination and retaliation in certain circumstances, Plaintiff fails to state even a prima facie case of discrimination or retaliation and, accordingly, Enterasys is entitled to judgment as a matter of law on Count II of Plaintiff's Complaint.

The New York State Human Rights Law ("NYSHRL") prohibits discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, or marital status. See New York Executive Law § 296 (1)(a). Section 296 (1)(e) of the NYSHRL likewise prohibits retaliation by an employer against an employee asserting a right under that statute. See id., at § (1)(e). A party alleging discrimination under the NYSHRL bears the initial burden of proving a prima facie case of discrimination by showing the following: (1) they are a member of a protected class; (2) they were qualified to hold the position; (3) they were terminated from employment or

suffered another adverse employment action; and (4) the discharge or other adverse action

occurred under circumstances giving rise to an inference of discrimination. See Forrest v.

Jewish Guild For The Blind, 3 N.Y.3d 295, 305 (2004).

     In this case, Plaintiff has clearly failed to state a prima facie claim for either

discrimination or retaliation under the NYSHRL or, for that matter, any other state or federal

law prohibiting discrimination or retaliation in the employment context.[3]  Specifically,

Plaintiff's Complaint does not allege that he is a member of any protected class, that he was

qualified to hold his former position at Enterasys, or that his discharge was suggestive of

discrimination. See Forrest, 3 N.Y.3d at 305. Similarly, aside from the bald assertion that the

Company's conduct and termination of Plaintiff's employment was "retaliatory," he fails to

allege in his Complaint any legal or factual basis for the Company's alleged retaliation against

him, for example, that he was terminated for asserting a discrimination claim under the

NYSHRL. For these reasons, judgment in favor of Enterasys on Count II of Plaintiff's

Complaint is properly entered.

III.    IN THE ALTERNATIVE, COUNT II OF PLAINTIFF'S COMPLAINT ASSERTS A
CLAIM THAT "RELATES TO" THE PLAN, AND, THUS, THIS CLAIM IS PRE-
EMPTED BY ERISA AND MUST BE DISMISSED.

     ERISA contains a broad pre-emption clause which provides, in pertinent part, that

ERISA "supersede[s] any and all State laws insofar as they . . . relate to any employee benefit

---

[3]    Notably missing from Count II of Plaintiff's Complaint is any reference or citation to a specific state or federal law prohibiting discrimination and/or retaliation. In the absence of such a citation, and because federal discrimination laws likewise require a plaintiff alleging discriminatory conduct by his employer to set forth a prima facie case of discrimination, Enterasys analyzes this portion of Plaintiff's Complaint exclusively under the NYSHRL. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 902 (1973).

plan."[4]  29 U.S.C. § 1144(a) (emphasis added).  A law "relates to" an employee benefit plan,

"'in the normal sense of the word, if it has a connection with or reference to such a plan.'"

Aetna Life Ins. Co. v. Borges, 869 F.2d 142, 146 (2d Cir. 1989).  State causes of action are

also displaced by ERISA "even if the law is not specifically designed to affect such plans, or

the effect is only indirect."  D.C. v. Greater Washington Bd. of Trade, 506 U.S. 125, 130

(1992); Smith v. Dunham-Bush, Inc., 959 F.2d 6, 9 (2d Cir. 1992).  See also Pelosi v. Schwab

Capital Markets, L.P., 462 F.Supp.2d 503, 516 (S.D.N.Y. 2006) (plaintiff's common law

tortious interference claim pre-empted by ERISA because, "but for [plaintiff's] right to

severance under the ERISA governed Plan, he would not have a claim for tortious

interference"); Hansen-Salak v. The Prudential Insurance Company of America, 5:05-CV-

0458, *Memorandum-Decision And Order* (attached hereto as Exhibit A), Mordue, C.J.

(N.D.N.Y. 2006) (plaintiff's breach of contract and fiduciary duty claims pre-empted by

ERISA civil enforcement remedy).

    In the case at bar, Count II of Plaintiff's Complaint is pre-empted by ERISA because it

clearly "relates to" the Plan.  See 29 U.S.C. § 1144(a); Aetna Life Ins. Co., 869 F.2d at 146.

Plaintiff specifically alleges that the Company's "unjustified wrongful, retaliatory and

discriminatory conduct and termination of plaintiff's employment, . . . *as well as its failure to*

*provide benefits in accordance with the Plan*" was wrongful and a breach of "its obligation to

treat plaintiff fairly and in good faith."  (Complaint, ¶ 17.) (Emphasis added.)  To the extent

that, by way of this allegation, Plaintiff seeks to assert a claim for breach of the implied

---

[4]      ERISA defines the term "State law" as "all laws, decisions, rules, regulations, or other
State action having the effect of law, of any State."  29 U.S.C. § 1144(c)(1).

covenant of good faith and fair dealing,[5] the *only* logical conclusion the Court may draw (in the absence of a well-pleaded claim) is that this claim "relates to" the Company's agreement to provide severance benefits to him in accordance with the terms of the Plan because the obligation of good faith and fair dealing requires an underlying contractual obligation. See Murphy, 58 N.Y.2d at 304 (New York recognizes that, as a general matter, an obligation of good faith and fair dealing on the part of a contracting party may be implied.) In other words, "but for [plaintiff's] right to severance under the ERISA governed Plan, he would not have a claim for [breach of the covenant of good faith and fair dealing]," and, thus, this claim is properly pre-empted.

Moreover, to the extent that Plaintiff will argue that his "wrongful" discharge, retaliation and discrimination claims survive pre-emption by ERISA because they do not directly "relate to" the Plan, but, rather, to some other improper conduct (clearly not pled in Plaintiff's Complaint), this argument carries no weight for the reasons set forth supra, § II(A), (B), at pp. 4, 6-7. In sum, based on the allegations in Plaintiff's Complaint, his sole and exclusive remedy against Enterasys is pursuant to section 502(a)(1)(B) of ERISA. Accordingly, Enterasys is entitled to judgment as a matter of law on Count II of Plaintiff's Complaint. See 29 U.S.C. §1132.

## CONCLUSION

In Count II of Plaintiff's Complaint, he seeks to expand the scope of his claims against Enterasys without any legal basis. Plaintiff cannot state a claim for "wrongful" discharge or breach of the implied covenant of good faith and fair dealing based on his employment

---

[5]     As set forth supra, § II(B), at p. 5, Plaintiff's common law claim for breach of the implied covenant of good faith and fair dealing based on his employment relationship with Enterasys is not cognizable under New York law. See Horn, 100 N.Y.2d at 93, citing Murphy, 58 N.Y.2d at 304-05.

relationship with the Company because New York assiduously adheres to the employment-at-will doctrine. Plaintiff has also failed to establish the prima facie elements of any claim he seeks to assert based on discrimination or retaliation under the NYSHRL, or any other statute prohibiting retaliation or discrimination. Finally, Count II is displaced in its entirety by ERISA's broad pre-emptive powers. For the foregoing reasons, Defendant Enterasys Networks, Inc. respectfully requests that the Court grant its Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment on Count II of Plaintiff's Complaint.

Respectfully submitted,

ENTERASYS NETWORKS, INC.

By its Attorney,

Jonathan R. Sigel, Esq., BBO# 559850
(Admitted Pro Hac Vice)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
Telephone: (508) 926-3434

Dated: August 1, 2007

## CERTIFICATE OF SERVICE

I, Jonathan R. Sigel, hereby certify that I have served a copy of the foregoing by electronic mail and by mailing same, postage prepaid, this 1st day of August, 2007 to the following:

Paul Andrew Marber, Esq.
The Cochran Firm
233 Broadway, 5th Floor
New York, NY 10279

Jonathan R. Sigel

9